IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-17-561 |
| | § | |
| TORRY DEMONBREUN | § | (Civil Action No. H-20-0870) |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 191], filed by Defendant Torry Demonbreun. On July 30, 2020, the United States filed its Response [Doc. # 200] in opposition the Demonbreun's § 2255 Motion. Demonbreun has neither filed a reply nor requested additional time to do so. Having reviewed the record and the applicable legal authorities, the Court **denies** the § 2255 Motion.

### **I.    BACKGROUND**

On September 20, 2017, a federal grand jury returned an Indictment charging Defendant with, *inter alia*, participating in a drug conspiracy that began in July 2012 and continued through at least May 2015. *See* Indictment [Doc. # 1], p. 1. Defendant was charged also with a substantive count of possession with intent to distribute more than 5 kilograms of a mixture containing a detectable amount of cocaine on October 18, 2012. *See id.* at 2.

On May 30, 2018, Defendant entered a plea of guilty pursuant to a written Plea Agreement [Doc. # 93]. Defendant pled guilty to Count One, the drug conspiracy charge, which carried a statutory maximum sentence of not less than 10 years or more than life in prison. The factual basis for the plea, both in the written Plea Agreement and as stated on the record during the rearraignment proceeding, involved conduct on October 17-18, 2012. *See* Plea Agreement, p. 8; Rearraignment Transcript [Doc. # 196], p. 18. Defendant signed the written Plea Agreement, acknowledging that he had "read and carefully reviewed every part" of it. *See* Plea Agreement, pp. 11, 13. At the rearraignment proceeding, Defendant agreed with the accuracy of the factual basis regarding the events in October 2012. *See* Rearraignment Trans., p. 23.

At sentencing, the Court calculated Defendant's Sentencing Guideline range to be 120-121 months. *See* Statement of Reasons, p. 1. The Court granted the Government's Motion for Downward Departure Pursuant to 5K1.1 and 18 U.S.C. § 3553(e), in which the United States recommended a sentence of no fewer than 60 months. *See* Motion for Downward Departure [Doc. # 175]. Based on its consideration of the Government's Motion, the First Step Act, the full record, and the 18 U.S.C. § 3553(a) factors, the Court sentenced Defendant to a term of imprisonment for 52 months.

On March 9, 2020, Defendant filed his § 2255 Motion. Defendant argues that he received ineffective assistance of counsel because his attorney (1) failed to assert a statute of limitations defense; (2) failed to assert a due process argument based on preindictment delay; and (3) failed to argue for a lower sentence under the First Step Act. Defendant's § 2255 Motion is now ripe for decision.

## II. APPLICABLE LEGAL STANDARD

Review of a conviction or sentence under § 2255 is generally limited "to questions of constitutional or jurisdictional magnitude." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). In this case, Defendant argues that he was denied his constitutional right to the effective assistance of counsel.

To show the deprivation of effective assistance of counsel, a defendant "must show both that counsel performed deficiently and that counsel's deficient performance caused him prejudice." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Davis*, 971 F.3d 524, 530 (5th Cir. 2020). When determining whether counsel's performance was deficient, "courts apply a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Phea*, 953 F.3d 838, 841-42 (5th Cir. 2020). "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *United States v. Torres*, 717 F. App'x 450, 455 (5th Cir. 2018).

### III.  ANALYSIS

#### A.  Statute of Limitations

"Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). "[A]n indictment satisfies the requirements of the statute of limitations if the government alleges and proves . . . that the conspiracy continued into the limitations period." *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991); *United States v. Lopez*, 749 F. App'x 273, 276 (5th Cir. 2018).

In this case, the Indictment, the Plea Agreement, and the factual basis for Count One described at the rearraignment proceeding and agreed to by Defendant, all establish that the specific conduct attributed to Defendant occurred in October 2012, less than five years before the Indictment was returned on September 20, 2017. *See* Indictment, p. 2; Plea Agreement, p. 8; Rearraignment Trans., pp. 18; 23. Additionally, the conspiracy to which Defendant pled guilty is alleged to have continued "through at least May 2015." *See* Indictment, p. 1.

Therefore, the undisputed record established that the Indictment was returned within the applicable 5-year statute of limitations. Defense counsel was not constitutionally ineffective for failing to assert a statute of limitations defense that was refuted by the uncontested facts in the record. Defendant is not entitled to relief under § 2255 based on this assertion.

### B.   Preindictment Delay

"[F]or preindictment delay to violate the due process clause it must not only cause the accused substantial, actual prejudice, but the delay must also have been intentionally undertaken by the government for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other impermissible, bad faith purpose." *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996) (*en banc*); *United States v. Gulley*, 526 F.3d 809, 820 (5th Cir. 2008). Defendant has the burden "to prove both prongs of the test." *Gulley*, 526 F.3d at 820 (citing *United States v. Avants*, 367 F.3d 433, 441 (5th Cir. 2004)).

In this case, Defendant alleges no factual basis for his attorney to have argued that the preindictment delay was "intentionally undertaken by the government for the purpose of gaining some tactical advantage" or was otherwise the result of bad faith on the part of the Government. As a result, Defendant has not shown that his attorney rendered constitutionally ineffective assistance by failing to present this argument.

**C.     Consideration of First Step Act**

Prior to December 21, 2018, when the First Step Act was signed into law, a defendant was eligible for a safety valve reduction only if he did not have more than one criminal history point. Under the First Step Act, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018), a defendant is now eligible for a safety valve reduction if he does not have more than four criminal history points, excluding any points resulting from a one-point offense. *See* 18 U.S.C. § 3553(f)(1)(A). Defendant argues that his attorney provided deficient assistance at sentencing by failing to ask for application of the First Step Act.

At the time of sentencing, the Court stated specifically that it was aware of the First Step Act and noted that it was likely that Defendant would have qualified for the new safety valve. *See* Sentencing Transcript [Doc. # 189], p. 31. The Sentencing Guideline range calculated under the First Step Act would have been 78-97 months. *See id.* at 30. Therefore, the Court stated that the 52-month sentence took the First Step Act into account, and that the 52-month sentence was a "very, very generous departure and the First Step Act would not change that conclusion." *See id.* at 31. In both the written judgment imposing the 52-month sentence and in the Court's explanation for the substantial departure from the recommended Sentencing Guidelines range, the Court stated that the sentence imposed "takes into account any

relief the defendant could receive as a result of the First Step Act." *See* Judgment in a Criminal Case [Doc. # 180], p. 2; Statement of Reasons [Doc. # 181], p. 2.

Therefore, even if counsel's failure to seek a First Step Act reduction were in any way deficient, Defendant has not shown any resulting prejudice. The Court considered the First Step Act without counsel's request, and determined that application of the First Step Act would not change the 52-month sentence imposed. As a result, Defendant is not entitled to relief under § 2255.

## IV. CERTIFICATE OF APPEALABILITY

There can be no appeal from a final order in a § 2255 proceeding unless a certificate of appealability issues. *See Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* (quoting 28 U.S.C. § 2253(c)(2)). The standard for a certificate of appealability is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds that reasonable jurists could not debate whether Defendant has demonstrated that he received constitutionally ineffective assistance of counsel. Therefore, a Certificate of Appealability will not issue in this case.

## V.     CONCLUSION AND ORDER

Defendant was indicted within the applicable statute of limitations, and there are no allegations to support a due process claim based on preindictment delay. The Court at sentencing considered the First Step Act and determined that it would not change the 52-month sentence, which was already a generous departure. Defendant, therefore, has failed to show that he received ineffective assistance of counsel based on his attorney's failure to raise these issues. It is hereby

**ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Doc. # 191] is **DENIED** and the corresponding civil action (4:20-0870) is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **29th** day of **September, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE